IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                              Plaintiff,

        v.
                                                        OPINION and ORDER

CITY OF NEW LISBON,
CITY OF MAUSTON,                                        23-cv-352-wmc[1]
STATE OF WISCONSIN, and
FAMILY OF THE ATTACKER,

                              Defendants.

---

Pro se plaintiff Joseph Zloza alleges that an officer once threw a bottle at his head. Because he proceeds in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that this lawsuit must be dismissed.

ANALYSIS

Zloza contends that at some point "an officer or subject threw an ice bottle at [his] head" in the New Lisbon high school men's bathroom because he thought Zloza had

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

disrespected the flag even though Zloza "always stood for the pledge of allegiance." Dkt. 1 at

2. As a result, Zloza suffered a decade "of torture, sexual harassment." *Id.* at 3.

Zloza indicates that he is suing under federal law and seeks damages, but he cannot

proceed for two reasons. First, he has not named a proper defendant. In this type of lawsuit,

liability "is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d

552, 555–56 (7th Cir. 2012). The "family of the attacker" is not an individual who can be

served with the complaint, and Zloza's allegations do not implicate anyone other than the

person who threw the bottle. As for that person, who Zloza does not include in the caption,

Zloza's vague reference to an "officer" or a "subject" is insufficient to identify and serve them.

Zloza cannot proceed against the City of New Lisbon, the City of Mauston, or the State

of Wisconsin either. Under the Eleventh Amendment, the state is immune from a suit for

monetary damages under 42 U.S.C. § 1983. *Joseph v. Bd. of Regents of the Univ. of Wis. Sys.*, 432

F.3d 746, 748–49 (7th Cir. 2005). And Zloza's allegations do not implicate any city policy or

custom that violated his constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658,

690 (1978) (municipalities may be held liable for violations of civil rights if they have adopted

a policy or custom that violated the plaintiff's constitutional rights).

Second, Zloza has not stated a federal claim. He alleges that someone once threw a

bottle at him. That may state a state-law claim for civil assault or battery. *See Doe v. Archdiocese

of Milwaukee*, 211 Wis. 2d 312, 320 n.3, 565 N.W.2d 94, 96 n.3 (1997) (defining civil assault

and battery). Without a related federal claim, I cannot exercise jurisdiction over state-law

claims unless the plaintiff and each defendant are citizens of different states, and the amount

of money at stake is over $75,000. 28 U.S.C. § 1332. Those requirements are not met here. At

the pleading stage, a plaintiff seeking to invoke diversity jurisdiction need only demonstrate a

"good faith, minimally reasonable belief" that the claim is for more than $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). But Zloza seeks a "zillion dollars," which is not a real number and thus not a verifiable damages amount. Dkt. 1 at 4. Regardless, Zloza, a Wisconsin citizen, is suing Wisconsin entities and I must infer that the attacker is also a Wisconsin citizen because of where the incident took place.

Because Zloza brings Wisconsin-law claims that this federal court cannot consider, I will dismiss the case for lack of jurisdiction. Zloza may pursue his claims in state court if he can identify a proper defendant.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered June 1, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge